# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cr40

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| LOGAN PAINTER. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the government's Motion for Psychiatric Examination. Having considered that motion, and finding under 18, United States Code, Section 4241(a), that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render defendant unable to understand the nature and consequences of the proceedings,[1] the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) **THE DEFENDANT** shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section

---

[1] Specific reference is made to the medical conclusions and observations concerning defendant contained in Docket Entries # 8 and #8-2, which includes observations concerning defendant's mental competence and an alleged suicide attempt. The court specifically refers the **Warden** of the facility to such pleadings and the **government** shall make such pleadings available to the Warden if the facility is unable to access the court's docket electronically.

4241(b) and Rule 12.2, Federal Rules of Criminal Procedure, to determine if the defendant, LOGAN PAINTER, is presently insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him or to properly assist in his defense.

(2) **THE DEFENDANT**, LOGAN PAINTER, shall be examined to determine whether at the time of the commission of the alleged offense LOGAN PAINTER was criminally responsible pursuant to 18, United States Code, Section 4242.

(3) **FOR PURPOSES OF EXAMINATION** pursuant to Section 4241(b), defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed forty-five (45) days, as is necessary to make evaluations as to whether LOGAN PAINTER:

(A) is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense; and

(B) was, at the time of the commission of the alleged offense, criminally responsible. 18 U.S.C. § Sections 4241(b) and 4247(b) and (c).

For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(4) **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to the government's counsel, the United States Attorney, and the United States Marshal.

(5) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(6) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the Clerk of this court**, a copy to counsel for LOGAN PAINTER, and a copy to the United States Attorney.

(7) **THE UNITED STATES MARSHAL,** shall transport defendant LOGAN PAINTER to the mental health institution, which shall be designated by the Attorney General, and return defendant LOGAN PAINTER immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume. **The United States Marshal is permitted a total of 10 days within which to transport LOGAN PAINTER to and from the mental health institution.** If bond has not been allowed, the defendant shall remain in the custody of the United States Marshal.

(8) **THE UNITED STATES MARSHAL** shall provide defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(9) **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists or psychologists employed by the government determine that defendant is competent to stand trial, counsel for defendant may promptly, thereafter, file a motion for appointment and examination by independent experts. Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that defendant does not have a "rational as well as factual understanding of the proceedings against him." Penry v. Lynaugh, 492 U.S. 302, 333 (1989). The filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

(10) In the event mental health professionals at the designated federal facility determine that defendant is presently insane or not competent to stand

trial and that defendant was not criminally responsible at the time of the alleged offense, the **PSYCHIATRIST OR PSYCHOLOGIST** at the designated facility shall conduct such further tests as may be appropriate to determine whether the government's release into the community would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. 18 U.S.C. Sect. 4243(e). The results of such testing and the conclusions drawn therefrom should be appended to and sent along with the psychological report.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

This Order is entered in response to the government's Motion for Psychiatric Evaluation (#5).

Signed: May 11, 2009

Dennis L. Howell
United States Magistrate Judge