# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 40

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| LOGAN PAINTER. ) | |
| ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned, pursuant to a motion filed by counsel for the defendant entitled "Motion to Withdraw as Counsel" (#25). In the Motion, Fredilyn Sison, Emily Marroquin, and the Federal Defenders for the Western District of North Carolina request permission to withdraw as counsel for the defendant in this matter. In the motion, Ms. Sison states that, "At a meeting today, Mr. Painter fired undersigned counsel. Because [the defendant] refused to further speak with counsel, it is not known if he will seek to represent himself, hire counsel, or request another counsel to be appointed to represent him." Upon the call of the matter for hearing, the defendant was present, his attorney Ms. Sison was present, and the government was represented by Assistant United States Attorney Robert Reeves. From the statements of Ms. Sison, the statements of the defendant, which were received in a closed session, and the statements of Mr. Reeves, the court makes the following findings:

Findings: In the Criminal Complaint that was filed on April 8, 2009, the

defendant was charged with threatening to assault a law enforcement officer while engaged in the performance of official duties in violation of 18 USC § 115(a)(1)(B) (#1). On August 4, 2009, a superceding Bill of Indictment was filed charging the defendant with such offense (#18).

The undersigned conducted an inquiry in a closed proceeding with the defendant and Ms. Sison. The closing of the proceeding was without objection from the government and was based upon statements by Ms. Sison that she might have to reveal confidential communications between herself and the defendant in order to support the motion. Those statements shall appear in the sealed record of the proceeding.

Upon inquiry, the court found that this matter would be set for trial during the week of November 9, 2009.

Discussion: An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. U.S. v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) Timeliness of the motion; (2) Made an inquiry as to the reasons why the defendant

does not wish for Ms. Sison and the Federal Defenders Office to represent him further; and (3) Whether or not there is a such a conflict between the defendant and Ms. Sison and the Federal Defenders Office that is so great that it has resulted in a total lack of communication preventing an adequate defense. U.S. v. Gallop, 838 F.2d 105 (4th Cir. 1988).

At the time of the hearing on this motion on September 25, 2009, there is a approximately six weeks prior to the trial of this matter. It appears that the motion was filed timely and after the defendant told Ms. Sison that she was "fired" on September 21, 2009. As a result, this factor must be weighed in favor of granting the motion.

The undersigned, in closed session, inquired as to the reasons for the conflict between the defendant and his attorney. The undersigned is of the opinion that Ms. Sison has been preforming her job in good fashion in representing the defendant, and that there is no basis for the defendant's opinion that Ms. Sison is not providing good representation. However, the defendant has such strong opinions regarding the allegations pending against him that there has been a degree of conflict between the defendant and Ms. Sison. The court weighs this great degree of conflict in favor of allowing the motion.

The undersigned has further examined the matter to determine whether or not there is such conflict between Ms. Sison and the defendant that there is a total lack

of communication between them preventing an adequate defense. At this time, it appears that such a conflict does exist. The defendant has refused to speak to Ms. Sison and refuses to communicate with her. This failure of communication is weighed in favor of granting the motion.

After considering all the factors, is appears that there is sufficient time before trial within which to appoint another attorney to represent the defendant and for that attorney to be prepared for trial. That as a result of the inquiry made by the undersigned, the undersigned finds that there is reason for the appointment of another attorney and that there does appear to be a lack of communication between Ms. Sison and the defendant that would prevent an adequate defense. Based upon the foregoing, the undersigned is determined to enter an order allowing the "Motion to Withdraw as Counsel"(#25).

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Motion of Fredilyn Sison and the Federal Defenders Office entitled "Motion to Withdraw as Counsel" (#25) is hereby **ALLOWED.** It is ordered that the Federal Defenders shall appoint substitute counsel to represent the defendant in this matter. It is further ordered that Ms. Sison and the Federal Defenders Office shall provide copies of their file, all documents and pleadings, and copies of discovery to the new attorney who is to represent the defendant.

**THIS,** the 28th day of September, 2009.

                      Signed: September 28, 2009

                      Dennis L. Howell
                      United States Magistrate Judge